Manly, J.
 

 The instrument upon which this action has been brought was rightly construed, as we think, in the Court below.
 

 Some such relation as copartners or part-owners of a portion of the negroes at least, subsisted between the parties. But to what property it applied, or in what proportions they were respectively interested, it is not material, as it seems to us, to enquire. The terms of the note are, to pay the sum mentioned in its face, “ after deducting the bill of expenses that Go van Mills has against Columbus Mills and James P. Poster & Co.,” and the proper construction of these terms is, that they amount only to a promise to pay the balance after deducting such expenses as may have been incurred by Go-van Mills for Columbus Mills and James P. Poster & Co.
 

 We do n»t think it pertinent to the true issue between the parties to enquire, whether a bill or charge of these expenses was made against any one. The expenses were incurred and the amount is susceptible of proof, and there is no assumpsit to pay a cent beyond the balance.
 

 Upon the supposition that Govan Mills intended to make a present to his brother, as he intended no such thing to the plaintiff, the only way in which his purpose can be carried into, effect is by deducting the sum of expenses from the note; otherwise the expenditure would enure to the benefit of Poster as well as Mills. But all this we think immaterial. The parties must stand or fall by the contract, and that is, as we have already said, to pay the balance after deducting expenses.
 

 
 *609
 
 What occurred between Govan Mills and Carrier has, as we concceive, no bearing upon the issue.
 

 .The substance .of the charge below was in conformity with this view of the case. There is no error.
 

 Per Curiam,
 

 . Judgment affirmed.